## SUPERIOR COURT OF BALTIMORE CITY.

Filed February 19, 1923.

WILLIAM SMITH, CLAIMANT,

VS.

STONE & WEBSTER, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE CO., INSURER.

*James Higgins* for appellant.

*Wm. D. Macmillan* and *Harold Tschudi* for appellee.

AMBLER, J.—

The record in this case consists solely of several orders passed from time to time by the Commission, beginning with the one of January 11th, 1921, that made the original award of $18.00 per week from December 31st, 1920, during the continuance of the claimant's disability, subject to the provisions of the Workmen's Compensation Law. There is no transcript of testimony taken before the Commission, and no testimony was offered by either side at the hearing in this Court; nor did either side file a motion for the submission of any question of fact to a jury.

In opening the case, counsel for the appellant, who was claimant before the Commission, presented a written statement of the only "issue" before the Court, as follows:

"The question for the Court is:

"(1) Whether interest should be ordered paid by employer and insurer on overdue payments stopped by employer and insurer;

"(2) Is the rate of 5 per cent. allowed by the Commission right, or should it be 6 per cent? The claimant does not ask or desire the Court to calculate the amount of interest."

Singularly enough, although no "issue" was framed for submission to a jury, both sides offered prayers requesting "the Court, sitting as a jury," "to instruct itself" or "rule as a matter of law" in support of their several contentions. If this is the usual practice, it seems contrary both to the letter and to the spirit of Section 56 of the Workmen's Compensation Act, which gives the right of appeal to "any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission" and provides, *inter alia*, "and the Court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the Act, whether it has misconstrued the law and the facts applicable in the case decided. If the Court shall determine that the Commission has acted within its pow-

ers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified. Upon the hearing of such an appeal the Court shall, upon motion of either party filed with the Clerk of the Court according to the practice in civil cases, submit to a jury any question of fact involved in such case," etc., etc.

As the Court of Appeals has clearly stated in the case of Schiller vs. B. & O. R. R., 137 Md. 234, 240-242, this means that while a jury may be impaneled to "determine" any question of fact, it must be by an order or judgment of the *Court* that, if correct, "the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified."

This appeal is from a decision and order of the Commission, passed March 2nd, 1922, by which a previous order of February 6th, 1922, was rescinded and annulled. The latter required the employer and insurer to "pay interest on the deferred payments of compensation at the rate of 5 per cent. per annum"; and to ascertain what is meant by "the deferred payments," we have to go back to the preceding orders. As already stated, the original order of January 11th, 1921, awarded compensation of $18.00 per week, beginning December 31st, 1920. This was followed by an order of September 7th, 1921, from the recitals of which it appears that during the intervening period the claimant had been, for part of the time, totally disabled; for another part, partially disabled, but working at somewhat reduced wages, and for the remainder of the period, again totally disabled. Thereupon, the order of January 11th, 1921, was "rescinded and amended and in lieu thereof," it was ordered on September 7th, 1921, that the compensation should be as follows:

From December 31st, 1920, for 16 1-6 weeks at rate of $18.00 per week;

From April 23rd, 1921, for 6 weeks at rate of $7.50 per week to June 4th, 1921;

From June 4th, 1921, during continuance of total disability, $18.00 per week, "subject to the provisions of the Workmen's Compensation Law, and also subject to a credit of such amount as may have been paid under the previous order of this Commission."

So far, it will be observed, nothing has been said about interest on "deferred compensation," although it is obvious that prior to September 7th, 1921, payment under the order of January 11th, 1921, must have been suspended in part, at least, leaving a considerable amount overdue or in dispute.

This brings us to the order of February 6th, 1922, in which for the first time interest is mentioned, and that order was as follows:

"The Commission having read and considered the petition filed in these proceedings by James Higgins, Esq., attorney-at-law, for the claimant, praying that an order be passed requiring Stone & Webster, employer, and Liberty Mutual Insurance Company, insurer, to pay interest on the deferred compensation, it is thereupon this 6th day of February, 1922, by the State Industrial Accident Commission, ordered that the said employer and insurer pay unto said William Smith, claimant, interest on the deferred payments of compensation at the rate of five per cent. per annum, and that receipt showing compliance with this order be filed with this Commission in due time."

Then comes the order of March 2nd, 1922, which is the subject of this appeal and was as follows:

"A hearing was granted and held at the office of the Commission on February 28th, 1922, to determine the amount of interest due the claimant in the above entitled case, which issue was raised by the insurer. At said hearing all parties were present and heard, and after due consideration of the testimony then taken, the Commission has concluded to rescind and annul its supplemental order of February 6th, 1922, and allow interest on the full amount of the award of September 7th, 1921, ($568.50) at the rate of five per cent. per annum from September 7th, 1921, to October 17th, 1921, inclusive.

It is therefore, this 2nd day of March, 1922, by the State Industrial Accident Commission, ordered that the supplemental order passed in this case on February 6th, 1922, be and the same is hereby rescinded and annulled, and in lieu thereof it is hereby ordered that Stone & Webster, Inc., employer, and the Liberty Mutual Insurance Company, insurer, pay unto William Smith the sum of $3.24 as interest at five per cent. per annum from September 7th, 1921, to October 17th, 1921, inclusive, on the full amount of the award of this Commission passed in these proceedings on September 7th, 1921, and that final settlement receipt be filed with this Commission in due time showing compliance with this order and the orders of September 7th, 1921, and September 17th, 1921, passed in this case."

While it is not altogether clear why the Commission allowed interest at the rate of five per cent. for a period of forty days only, I am by no means sure that the claimant was entitled to any interest at all as a matter of absolute legal right. That would seem to me rather to rest in the discretion of the tribunal making or changing the award.

The foregoing extracts from the record show clearly that, with respect to this claim, the Commission proceeded under the broad powers given by Section 53 of Chapter 800 of the Acts of 1914 (now Section 54 of Article 101 of the Code) "from time to time to make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified," and from the unquestioned right to make changes in the rate, as well as in the time for payment, of the "deferred compensation" for a period already past it would seem to follow that the several instalments could not be regarded as each a certain definite sum payable at a fixed time, and, therefore, necessarily bearing interest from its date of maturity.

Moreover, Section 56 of Article 101, closes with this declaration:

"In all Court proceedings under or pursuant to the provisions of this Act, the decision of the Commission shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same," and the Court of Appeals has held that this presumption applies equally to decisions on questions of fact and to decisions on questions of law.

I am constrained, therefore, to reject all of the "prayers" offered by the claimant, and "to rule as a matter of law that there is no evidence legally

sufficient" to overcome the presumption in favor of the Commission's decision or to entitle the claimant to a reversal or modification of the order from which this appeal was taken.

The judgment and order of the Court is that the decision and order of the State Industrial Accident Commission of March 2nd, 1922, in the above entitled proceeding be, and is hereby, confirmed.